IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-05-4334 |
| | § | |
| 1997 Mercedes Benz E320, et al., | § | |
|     Defendant | § | |
| | § | |

### MEMORANDUM AND ORDER GRANTING
### DEFENDANT'S MOTION TO STRIKE

Before the Court[1] is the United States' Motion to Strike Answer and Motion for Default Judgment of Forfeiture (Document No. 7), and the United States' Motion to Strike Amended Verified Claim of Interest and Motion for Partial Summary Judgment of Forfeiture (Document No. 18). In the first Motion to Strike, the United States seeks an Order striking the original Answer filed in this case on the basis that it fails to comply the requirements of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. Upon the striking of the Answer, the United States additionally seeks the entry of a default judgment of forfeiture. In the second Motion to Strike, the United States seeks an Order striking the First Amended Claim of Interest filed by claimant Natalie Smith as having been untimely filed. In the alternative, the United States seeks summary judgment on its claims for forfeiture of the property made the basis of this forfeiture suit, except for the 1997 Mercedes Benz E320. Having considered the two motions to strike, the responses thereto, the

---

[1] On June 7, 2006, upon the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge. *See* Document No. 22.

contents of the Answer and Supplemental Answer, and claimant Natalie Smith's untimely filed Verified Claim of Interest and Amended Verified Claim of Interest, the Court concludes, for the reasons set forth below, that the United States' Motions to Strike (Document Nos. 7 & 18) should both be GRANTED, and a default judgment of forfeiture entered.

I.   **Procedural History**

On July 11, 2005, Kenya L. Smith was arrested at the home he shared with his wife, Natalie Smith. At the time of his arrest, certain property was seized from the home. Kenya Smith was thereafter charged with using counterfeit access devices (counterfeit credit cards) in violation of 18 U.S.C. § 1029(a)(1).

Natalie Smith filed an administrative claim to the seized property, thereby prompting this civil forfeiture proceeding. On December 22, 2005, the United States filed its verified Complaint for Forfeiture *In Rem* ("Complaint") against the following property that had been seized from the Smiths' home:

    A.   1997 Mercedes Benz E320, VIN WDBJF55F6VJ031086; and

    B.   43" Pioneer Plasma television, SN DHAT001395EV and accessories; 43" Pioneer HD Plasma television, SN DLA004461EV and accessories; Canon EOS Digital Rebel XT Camera SN 95006560 with software and accessories; Canon EOS Digital Rebel XT Camera SN 0520423614 with lenses, battery pack, cable, memory card, camera case, and other accessories; Sony Digital Handy Camera SN 453181 with remote, cables, software and accessories; Cuisinart knife set with hardwood block; Fisher and Paykel Dishwasher SN EFM706229; Dewalt Miter Saw SN 80257; Troy Bilt Generator SN 1008318442; and Future Super Sport tires, size P255/60/15.

The Complaint sought the civil forfeiture of property under 18 U.S.C. §§ 981(a)(1)(c) and 981(a)(2)(A), as having been derived from proceeds traceable to a violation of 18 U.S.C. § 1029.

Following the filing of the Complaint, the United States provided notice of its intent to seek forfeiture to all parties with an interest in the property, as is required under Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). [2] Notice was published in the Houston Chronicle on three dates: January 10, 2006, January 17, 2006, and January 24, 2006. In addition, the United States served a copy of the Complaint and Court procedures on Mr. Kenya Lama Smith, Ms. Natalie Smith, and Mr. Andre Wheeler, the attorney for Ms. Smith. Ms. Smith received personal service of the Complaint on January 20, 2006, and her attorney received personal service on January 3, 2006.

On February 21, 2006, an Answer, in the form of a general denial, was filed by attorney Wheeler on behalf of the "Defendant, 1997 Mercedes Benz E320." (Document No. 5). No mention was made in that Answer of any claim by Natalie Smith to any of the property made the basis of this forfeiture proceeding. In fact, no mention was made of Natalie Smith at all in the Answer filed on February 21, 2006.[3] On the same date that the Answer was filed, "Defendant" filed its written responses to the United States' Interrogatories and Requests for Production. (Document No. 6). A

---

[2] The Supplemental Rules are applicable to civil forfeiture proceedings. *See* 18 U.S.C. § 981(b)(2).

[3] The Answer states, verbatim:
  NOW COMES Defendant, 1997 Mercedes Benz E320, named Defendant in the above-entitled and numbered cause, and files this Original Answer, and shows the Court:
  **GENERAL DENIAL**
  Defendant denies each and every allegation of Plaintiff's Complaint, and demands strict proof thereof as required by the Federal Rules of Civil Procedure.
  **PRAYER**
  Defendant prays the Court, after notice and hearing or trial, enters judgment in favor of Defendant, awards Defendant the costs of court, attorney's fees, and such other and further relied as Defendant may be entitled to in law or in equity.
The Answer was signed by attorney Wheeler for "Defendant." (Document No. 5).

3

verification was provided with those responses, signed by with the name Natalie Smith by someone with initials "WP". The United States, in response, filed its Motion to Strike Answer and Motion for Default Judgment of Forfeiture. (Document No. 7). In that motion, the United States argued that the Answer filed was defective and that no Verified Claim of Interest to any of the property had been filed by any person, as is required by Supplemental Rule C(6). The United States sought an Order striking the defective Answer and the entry of a Default Judgment.

    Presumably in response to the United States' Motion to Strike, Natalie Smith, on April 28, 2006, filed a Verified Claim of Interest (Document No. 8), claiming an interest in the 1997 Mercedes Benz E320 (hereafter referred to as "the car"). No mention was made in that Verified Claim of Interest to any of the other property made the basis of this forfeiture case. On April 28, 2006, in connection with the filing of the Verified Claim of Interest, a First Supplemental Answer was filed (Document No. 9). In the First Supplemental Answer, the 1997 Mercedes Benz E320 is still identified as the Defendant, but Natalie M. Smith asserts that she is the true owner of the car, and that she purchased the car with her own money. (Document No. 9). Again, no interest was asserted by Natalie Smith in the Supplemental Answer to any of the other property made the basis of this forfeiture proceeding. On May 22, 2006, Natalie Smith filed an Amended Verified Claim of Interest (Document No. 16), asserting therein a claim to all but the two plasma televisions identified by the United States in its Complaint. (Document No. 16). The United States' second motion to strike followed (Document No. 18).

**II.     Discussion**

Civil judicial forfeiture proceedings are instituted following the seizure of property, and the filing by a claimant of a claim to the property at the administrative level. *See United States v. $80.760.00 in United States Currency*, 781 F.Supp. 462, 465-66 (N.D. Tex. 1991) (discussing the difference between summary administrative forfeitures and judicial forfeitures). The process for the filing of, and response to, a judicial forfeiture proceeding was aptly described and explained by the Seventh Circuit in *United States v. United States Currency in the Amount of $2,857.00*, 754 F.2d 208, 212-13 (7th Cir. 1984), as follows:

> The United States attorney for the district where the seizure occurred commences a judicial forfeiture proceeding by filing a complaint as described in Supplemental Rule C(2). The complaint must describe with reasonable particularity the property that is the subject of the action, must state the place of seizure, and must contain any allegations required by the statute pursuant to which the action is brought. *See* Fed. R. Civ. P., Supp. R. C(2).
>
> Upon the filing of a complaint, the clerk of the district court issues a warrant for the arrest of the property that is the subject of the action. See Fed. R. Civ. P., Supp. R. C(3). By order of the court, the plaintiff then must publish notice of the action and arrest in a newspaper of general circulation in the district. The notice must specify the time within which an answer is to be filed as provided by Rule C(6). *See* Fed. R. Civ. P., Supp. R. C(4).
>
> Any claimant of property that is the subject of a judicial condemnation proceeding must file a claim within [thirty] days after process has been executed or within such additional time as may be allowed by the court, and must file an answer within twenty days after the filing of the claim. *See* Fed. R. Civ. P., Supp. R. C(6). The claim "shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action." *Id.* Once the procedural requirements if Rule C(6) are met, a claimant has standing to defend the forfeiture.

*United States v. United States Currency in the Amount of $2,857.00*, 754 F.2d 208, 212-13 (7th Cir. 1984); *see also $80,760.00 in U.S. Currency*, 781 F.Supp. at 466-67. While Supplemental Rule C(6)

has since been amended, its substantive provisions are essentially the same. Supplemental Rule C(6) now provides as follows:

> (6) Responsive Pleading; Interrogatories.
>   (a) Civil Forfeiture. In an in rem forfeiture action for violation of a federal statute:
>   (I) a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right:
>     (A) within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4), or
>     (B) within the time the court allows.
>   (ii) an agent, bailee, or attorney must state the authority to file a statement of interest in or right against the property on behalf of another; and
>   (iii) a person who files a statement of interest in or right against the property must serve and file an answer within 20 days after the filing of the statement.

Compliance with Supplemental Rule C is considered a statutory standing requirement; that is, claimants who do not file the required Verified Claim of Interest, have no right to challenge the forfeiture. *See United States v. Real Property Located at 14301 Gateway Blvd. West*, 123 F.3d 312, 313 (5th Cir. 1997). In the Fifth Circuit, the requirements of Supplemental Rule C are strictly construed and enforced. *Id.*; *see also United States v. $49,660 U.S. Currency*, Civil Action No. H-04-0673 at 6 (S.D. Tex. August 31, 2005) (Memorandum and Order) (Rosenthal, J.) ("When a claimant fails to file a verified statement of interest according to the rules, the court may strike the answer and enter default.").

No timely Verified Claim of Interest was filed by Natalie Smith in this case. The Verified Claim of Interest filed by her on April 28, 2006, was filed more than two months after the deadline set forth in Supplemental Rule C(6)(i)(A). Similarly, the Amended Verified Claim of Interest, which was filed on May 22, 2006, was filed well outside of the deadline provided in Supplemental Rule

C(6)(i)(A). Although Natalie Smith correctly sets forth in her response to the Motion to Strike the law requiring the filing of a timely Verified Claim of Interest, *see* Response (Document No. 21) at 4 ("One who fails to timely file a proper claim setting forth his/her sworn interest in the defendant property has no statutory standing to file an answer or otherwise participate in the forfeiture proceedings. *United States v. United States Currency in the Amount of $2,857.00*, 754 F.2d 208, 214 (7th Cir. 1984); *United States v. 14301 Gateway Boulevard, supra*; *United States v. Fourteen Handguns*, 524 F.Supp. 395, 397 (S.D. Tex. 1981)."), Smith then asserts, without addressing the untimeliness of her filings that "Since Ms. Smith has filed a Verified Claim of Interest, she has statutory standing to contest this action." Response (Document No. 21) at 4. Natalie Smith's argument misses the point. She simply and clearly failed to file a Verified Claim of Interest within the time allowed by Supplemental Rule C(6)(i)(A). As such, she has no statutory standing to contest or challenge the forfeiture of the property at issue in this proceeding.

The Court does have some discretion to allow a claimant's untimely filings in a judicial forfeiture proceeding. Such discretion, however, may be exercised only when certain mitigating factors are present: "(1) the claimant, in good faith, attempted to file a claim on time or inform the government of his interest; (2) the claimant relied to his detriment on misinformation from a government source; (3) the claimant actively pursued his interest in the seized property and expended considerable resources in preparing the case for trial; (4) the claimant was acting pro se; (5) the government itself failed to follow the proper procedures; and (6) the excuse or extension would not prejudice the government." *$80,760.00 in U.S. Currency*, 781 F.Supp. at 469; *see also United States v. United States Currency in the Amount of $103,387.27*, 863 F.2d 555, 561 (7th Cir. 1988); *$49,660.00 in U.S. Currency*, Civil Action No. H-04-0673 at 9. None of these mitigating factors

weighs in favor of allowing Natalie Smith's untimely Verified Claim of Interest or the Amended Verified Claim of Interest. While Natalie Smith may have advised the United States, in connection with the administrative forfeiture proceeding, of her purported interest in the car, she did not thereafter advise the Government or the Court of that interest prior to the expiration of the claim deadline. In addition, Natalie Smith has, at all times, been represented by counsel. Finally, given Natalie Smith's inconsistent positions and statements about her ownership interest in the property at issue in this case, she cannot be said to have exercised the type of diligence that would excuse her untimely filings.

Because no timely Verified Claim of Interest was filed in this case, and because the Answer that was timely filed did not identify Natalie Smith as a claimant of any of the property made the basis of this suit, and did not otherwise comport with the requirements of Supplemental Rule C(6)(a) or FED. R. CIV. P. 8, the Court, in its exercise of discretion, concludes that the Answer (Document No. 5), Natalie Smith's Verified Claim of Interest (Document No. 8), and Natalie Smith's Amended Verified Claim of Interest (Document No. 18) should all be stricken. *See e.g., United States of America v. Aero Jet Commander Aircraft*, 2005 WL 2000670 (S.D. Tex. 2005) (Rosethal, J.); *United States of America v. Twenty Seven Assorted Firearms*, 2005 WL 2645010 (W.D. Tex. 2005); *United States of America v. One 2002 Harley Davidson FXDX Superglide Sport Motorcycle*, 2004 WL 377552 (W.D. Tex. 2004); *United States of America v. $8,554.00 in United States Currency*, 1998 WL 209150 (E.D. La. 1998); *United States of America v. $8,800 in United States Currency*, 1998 WL 118076 (E.D. La. 1998); *United States of America v. $2,659.00 in United States Currency*, Civil Action No. H-01-1462 (S.D. Tex. 2001), *aff'd*, 44 Fed. Appx. 654 (5th Cir. 2002).

### III.     Conclusion

Based on the foregoing and the conclusion that neither Natalie Smith's Verified Claim of Interest nor her Amended Verified Claim of Interest was timely filed, that there are no factors that would weigh in favor of allowing such an untimely filing, and that there are no claimants to the property made the basis of this suit that have statutory standing to challenge the forfeiture at issue, it is

ORDERED that the United States' Motion to Strike Answer and Motion for Default Judgment of Forfeiture (Document No. 7), and the United States' Motion to Strike Amended Verified Claim of Interest (Document No. 18-1).are both GRANTED, and the Answer (Document No. 5), Natalie Smith's Verified Claim of Interest (Document No. 8), and Natalie Smith's Amended Verified Claim of Interest (Document No. 16) are all STRICKEN.

Signed at Houston, Texas, this  24th  day of  August, 2006.

_____
Frances H. Stacy
United States Magistrate Judge